(120 App. Div. 377)

In re HANSEN.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

ATTORNEY AND CLIENT—SUSPENSION OF ATTORNEY—GROUNDS.

> An attorney was guilty of unprofessional conduct warranting his suspension, where he obtained an order to extend time to serve complaints upon his own affidavit that another attorney was counsel, and that plaintiff had a good cause of action, where plaintiff had told him she had no just claim against defendant, and directed him to discontinue the actions brought for her, and the other attorney had withdrawn from the case and advised him to abandon it.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 54.]

Application to disbar Dethlef C. Hansen, an attorney. Referee's report confirmed, and respondent suspended from practice.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Henry Galbraith Ward, for petitioner.
Frank Moss, for respondent.

PER CURIAM. We think that the referee was justified in his conclusion that the petitioner was guilty of unprofessional conduct. The mitigating circumstances seem to relate solely to the respondent's condition when he drew the affidavit upon which he obtained an order extending the time to serve the complaints in the three actions which he had commenced as attorney for plaintiff; but there can be no question that he understood perfectly well, some time before this application was made, or contemplated, that Mr. Carlisle had withdrawn from the case, and he had been advised by Mr. Carlisle to abandon it.

The only service that he had up to this time performed was to prepare the contract giving him a percentage of the recovery and serving the summons. He must be presumed to have known that his client was an infant and incapable of making a contract which could be

enforced, and that, therefore, he had no enforceable contract which would entitle him to pursue the litigation for any compensation to which he was entitled. He knew that he had been directed by his client to discontinue the actions which he had brought on her behalf. She had stated to him in writing several times that she had no just claim against the defendant in the actions. In view of these instructions from his client, and the fact that Mr. Carlisle had withdrawn from the case and advised him to abandon it, it was certainly unprofessional conduct for the attorney to obtain from the court an order which extended the plaintiff's time to serve the complaints upon his affidavit that Mr. Carlisle was counsel and stating that the plaintiff had a good cause of action, when she had expressly stated to the affiant that she had no cause of action.

Our conclusion, therefore, is that the referee's report should be confirmed, and that the attorney should be suspended from practice for one year.