In the Matter of DETHLEF C. HANSEN, an Attorney, Respondent.

First Department, April 5, 1918.

**Attorney at law disbarred — insertion of indecent and scandalous matter in complaint.**

Attorney at law disbarred for including in a complaint in an action for breach of promise to marry, indecent and scandalous matter for the sole purpose of forcing a settlement.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Alfred J. Patterson,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in February, 1902, at a term of the Appellate Division, First Department, and was practicing as such in the First Judicial District at the

time of the acts complained of. In the petition he is charged with having been guilty of misconduct as an attorney at law as follows:

" The respondent as attorney for the plaintiff in the case of *Curry* v. *Fox,* prepared and caused to be verified by his client and caused to be served upon the defendant a complaint of which the annexed exhibit is a copy."

The complaint in six typewritten pages purports to recount relations existing between plaintiff and defendant and alleges that by reason of the premises plaintiff has been damaged in the sum of $150,000 for which she demanded judgment.

The petition further avers " that the respondent is guilty of professional misconduct in including in this complaint indecent and scandalous allegations which were wholly unnecessary to establish any cause of action and which were apparently made for the purpose of coercing the defendant into a settlement of the suit."

The respondent denies that the allegations contained were " apparently made for the purpose of coercing the defendant into a settlement of the suit," and avers that on or about the 22d of June, 1917, one Genevieve C. Curry came to respondent and stated certain matters which she had against one Hugh L. Fox and that she was going to bring suit against him and desired respondent to draw the complaint therein; that said respondent had no office staff, and was alone, and took the statement as given him by the said Genevieve Curry, wrote out the complaint annexed to the papers herein, and caused the same to be served upon the defendant; that respondent had no books by which to draw the said complaint, drew the same solely and directly from the statements made to him by the said plaintiff, and believed that by setting forth in said complaint all the statements made by plaintiff it would obviate the necessity of a bill of particulars and show entirely what the action was; that respondent herein had no such motive as set forth by petitioner to " coerce " the said Fox, did not intend or believe that the statements having been made to him and sworn to by plaintiff were scandalous, irrelevant or untrue, and served the complaint in good faith; that it was not until a motion was made to strike out certain parts of the said complaint herein that

respondent thought that something might be wrong; that he then and there consulted another attorney, who drew an amended complaint which did not contain the allegations as set forth in the first complaint, and that the same was served, and thereafter at the request of the said plaintiff herein the entire action was discontinued. It is further stated that the said complaint was drawn in good faith, with no ulterior motive, and to the best of respondent's knowledge and belief, and respondent was surprised when he received notice that the allegations contained therein were alleged to be scandalous and he attaches a copy of the amended complaint of one page in length which simply sets up an action for breach of promise to marry.

It is obvious from an inspection of the original complaint in *Curry* v. *Fox*, which respondent admits he drafted, and which is so indecent and scandalous that it cannot be quoted, that its sole purpose was to force a settlement for a sum of money and was without justification in law or morals. The respondent has been at the bar since 1902, and, therefore, cannot plead youth or inexperience, nor can he plead ignorance of his professional obligations. This is not the first time that he has been before this court in a disciplinary proceeding. For his conduct in connection with a similar case in which he was counsel for a young woman who had brought suit against a prominent man for a large sum of money upon allegations of grossly improper conduct, which was also discontinued without a trial, he was on the 21st of June, 1907, suspended from practice for one year (120 App. Div. 377; affd., 192 N. Y. 538). There is but one conclusion to be drawn from the admitted acts of the respondent and that is that he undertook to use the process of the court in a scandalous, improper and unprofessional manner to coerce the payment of a large sum of money.

We are of the opinion that the charge of misconduct is sustained and respondent should no longer be permitted the opportunity to so employ his professional privileges. He is, therefore, disbarred.

SMITH, DAVIS and SHEARN, JJ., concurred.

Respondent disbarred. Order to be settled on notice.