In the Matter of EDWARD H. BURGER, an Attorney, Respondent.

First Department, May 18, 1934.

*Einar Chrystie*, for the petitioner.

*George Gordon Battle* of counsel [*Battle, Levy, Van Tine & Fowler*, attorneys], for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on December 14, 1908, at a term of the Appellate Division of the Supreme Court, First Department.

The referee, while finding the charge not established, in his report says: " The allegations of the complaint, whether true or false, relevant or irrelevant, were in my opinion unnecessarily lurid and scandalous."

The charges are (a) that the respondent, while acting as attorney for one Mary Ryther, attempted to force a settlement of her claim against Mrs. Frances C. Lefferts for damages alleged 'to have been sustained by reason of the alienation of the affections of Harry R. Brevoort, to whom Miss Ryther was engaged to be married, by threatening to make public scandalous matters concerning the past life of Mrs. Lefferts, unless a settlement of the claim was agreed upon; and (b) that after Mrs. Lefferts declined to settle Miss Ryther's claim, the respondent prepared or caused to be prepared and served a complaint in an action brought by Miss Ryther against Mrs. Lefferts and one Katherine Kenny to recover $300,000 damages alleged to have been suffered by her by reason

of the fact that the defendants named had been parties to a conspiracy which caused Henry R. Brevoort to break his engagement to marry the plaintiff, in which complaint the scandalous matters above referred to were unnecessarily and improperly set forth at length and that this was done for the purpose of frightening and intimidating Mrs. Lefferts and thereby forcing her to pay money in settlement of the claim made therein in order to avoid disclosure of said scandalous facts.

A judicial determination has been had that the allegations were immaterial and irrelevant (*Ryther* v. *Lefferts*, 231 App. Div. 819).

On the first charge the question is a close one, but upon this record we cannot say that the finding of the referee is against the weight of the evidence.

On the second charge we reverse the finding of the referee and hold the charge sustained.

The conclusion is inescapable that by means of the recitals of scandalous facts, wholly evidentiary in character, and by repetitions and reiterations, the purpose existed of frightening and intimidating the defendant Lefferts into a settlement.

In *Matter of Hansen* (120 App. Div. 377; affd., 192 N. Y. 538) Hansen was suspended from practice for one year for actions similar to those in this complaint. Later, upon a repetition, he was disbarred. (182 App. Div. 568.)

Respondent should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

O'MALLEY, TOWNLEY and GLENNON, JJ., concur; MARTIN, J., dissents and votes for disbarment.

Respondent suspended for one year.